UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDELITY NATIONAL TITLE
INSURANCE COMPANY, a Florida
corporation

    Plaintiff,      Case No: 14-14607
              Hon. VICTORIA A. ROBERTS
v.

TITLE ONE, INC., a Michigan corporation

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT AND
DENYING DEFENDANT'S SUMMARY JUDGMENT**

## I. INTRODUCTION

   This claim involves the failure of Defendant, Title One, Inc. ("Title One"), to obtain

the necessary subordination or release of a pre-existing mortgage before issuing title to

Dearborn Federal Savings Bank ("DFSB") for a new mortgage. This resulted in a loss of

$387,976.61 when the mortgaged property was foreclosed. Plaintiff, Fidelity National

Title Insurance Company ("Fidelity"), covered the losses under the terms of its policy

with DFSB. Fidelity now sues Title One for breach of contract for failing to clear

exceptions to title as it was contracted to do, and for indemnification of Fidelity's loss

arising from Title One's breach.

   The parties filed cross-motions for summary judgment.

   For the reasons that follow, Plaintiff's Motion for Summary Judgment is

**GRANTED**; Defendant's Motion for Summary Judgment is **DENIED**.

## II.   BACKGROUND

Title One is a title insurance agent for Fidelity. Fidelity's predecessor, Transamerica Title Insurance Company ("Transamerica"), entered into an Agency Agreement with Title One on April 21, 1992. The Agency Agreement required that Title One comply with all requirements when issuing title and to indemnify Fidelity against any loss arising from Title One's actions.

DFSB held the first lien on property of Jeffrey and Carol Darwish ("Darwish"). On September 26, 2003, Title One conducted a closing for a $389,000.00 mortgage loan made by DFSB to refinance the DFSB mortgage on the Darwish property. At closing, there were two other mortgage holders: Community Bank of Dearborn (that mortgage is not at issue), and Warren Bank. Warren Bank held a third lien mortgage on the Darwish property. Title One had a duty to clear exceptions and objections to title, but it failed to obtain the necessary subordinations and releases from Warren Bank before closing the new DFSB mortgage. It issued a title insurance policy to DFSB, underwritten by Fidelity's predecessor, Transamerica, insuring a first priority mortgage interest. In 2009, Darwish defaulted and Warren Bank foreclosed on its unreleased lien on the property. The property was sold and the funds were placed in escrow. Fidelity retained counsel for DFSB, John Shureb ("Shureb"), to establish its first lien priority.

At some point, the Federal Deposit Insurance Corporation ("FDIC") stepped into the shoes of Warren Bank as receiver and assumed its assets. The FDIC published notice of claims. Beginning October 16, 2009, Shureb exchanged correspondence with FDIC Counsel, Gerald Van Wyke. On January 8, 2010, Van Wyke learned and informed Shureb that DFSB had to submit a formal claim by January 12, 2010. On January 12,

2

2010, Shureb submitted a Proof of Claim to the FDIC. The next day, the FDIC informed Shureb that the deadline was January 6, 2010 and disallowed DFSB's claim.

Shureb filed suit on behalf of DFSB against the FDIC in Wayne County Circuit Court to establish priority. The suit was dismissed because DFSB failed to exhaust administrative remedies by timely submitting a Proof of Claim. By statute, the FDIC's disallowance was final. 12 U.S.C. § 1821(d)(5)(C)(I). The dismissal of the lawsuit resulted in release of the escrow funds to the FDIC.

After extensive litigation, the priority of DFSB's mortgage was not established; its interest was extinguished. DFSB suffered a complete loss, amounting to $387,976.61, covered by the policy with Fidelity. Fidelity alleges it also incurred costs in excess of $107,000.00, including attorney's fees from October 8, 2009—when it first retained Shureb to attempt to establish priority—to Jan 29, 2014, when litigation concluded. Title One refused to cover Fidelity's losses. This breach of contract and common law indemnification action followed.

Title One argues that Fidelity caused the damages, not Title One's breach of contract. Title One imputes Shureb's actions as counsel for DFSB to Fidelity because Fidelity worked with Shureb to try to establish DFSB's priority. Title One argues that Fidelity had a duty to mitigate, and failed to do so when Shureb failed to timely file Proof of Claim with the FDIC. Title One asserts that Michigan law is clear that DFSB's mortgage had priority over Warren Bank's, and that had Shureb timely filed the Proof of Claim with the FDIC, DFSB's priority would certainly have been established. Because of Shureb, Title One says it is not obligated to indemnify Fidelity because of the well-settled rule that a party seeking indemnity must be free from fault.

3

III.    **STANDARD OF REVIEW**

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

When considering cross-motions for summary judgment, the court addresses "each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft*

4

*Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987). The fact that both parties have moved for "summary judgment, and each contends in support of his respective motion that no genuine issue of fact exists, does not require the Court to rule that no issue exists." *Begnaud v. White*, 170 F.2d 323, 327 (6th Cir. 1948).

## IV.   ANALYSIS

### A.   Breach of Contract

Under Michigan law, the elements of a breach of contract claim are: "(1) the existence of a contract between parties, (2) the terms of the contract required performance of certain action, (3) a party breached the contract, (4) the breach caused the other party injury." *Webster v. Edward D. Jones & Co.,*197 F.3d 815, 819 (6th Cir. 1999).

The first three elements of this breach of contract claim are not in dispute. Title One entered into an Agency Agreement with Fidelity's predecessor, Transamerica, on April 21, 1992. The Agency Agreement expressly states that Title One shall: "(d) Comply with all requirements established by COMPANY regarding search and examination of title and the clearance of objections or exceptions to title prior to binding the COMPANY under any Policy." Title One concedes that it "issued a title insurance policy . . . without securing additional releases and subordinations."

With respect to the fourth element—damages—Title One maintains that its failings did not cause damage to Fidelity; rather, Title One says Fidelity caused its own damage when Shureb failed to timely file Proof of Claim. The Court will address this

5

factor in the context of Title One's mitigation defense.

*Title One's mitigation defense fails*

Title One explains Fidelity's so-called failure to mitigate in the context of Shureb's failures. When Darwish defaulted on the unreleased Warren Bank mortgage and Warren Bank foreclosed the property, Fidelity retained counsel for DFSB to establish DFSB's first lien priority. After many attempts, Shureb was unsuccessful in establishing DFSB's first lien priority. This resulted in DFSB's interest being extinguished. Fidelity paid DFSB for its loss pursuant to DFSB's policy.

The law is well settled in Michigan that it is the duty of the party injured through the breach of contract to mitigate damage and thus minimize his loss. *Maraldo Asphalt Paving, Inc. v. Harry D. Osgood Co.*, 53 Mich. App. 324, 326 (Mich. Ct. App. 1974). The Michigan Supreme Court held:

> Where one person has committed a tort, breach of contract, or other legal wrong against another, it is incumbent upon the latter to use such means as are reasonable under the circumstances to avoid or minimize the damages. The person wronged cannot recover for any item of damage which could thus have been avoided.

*Morris v Clawson Tank Co.*, 459 Mich. 256, 263-64 (1998) (quoting *Shiffer v. Gibraltar School Dist. Bd. Of Ed.*, 393 Mich. 190, 197 (1974).

Fidelity's duty was to retain counsel for DFSB to establish priority. This was the reasonable step it needed to take under its policy with DFSB. Beyond that, Shureb had no duty to Fidelity and Fidelity had no legal or contractual duty to file a Proof of Claim with the FDIC. Under Michigan Law, "[n]o attorney-client relationship exists between an

6

insurance company and the attorney representing the insurance company's insured. The attorney's sole loyalty and duty is owed to the client, not to the insurer." *Atlanta Int'l Ins. Co. v, Bell*, 181 Mich. App. 272, 274 (Mich. Ct. App. 1989), *modified*, 483 Mich. 512 (1991). In *Krischner v. Process Design Assocs.*, 459 Mich. 587, 598 (1991), the Michigan Supreme Court rejected arguments that tried to impute the actions of the insured and the insured's counsel to the insurance company.

Fidelity timely hired counsel to establish DFSB's priority and did all it was required to do. Shureb's failure to file the claim cannot be considered as Fidelity's failure to mitigate; Fidelity used reasonable means under the circumstances to minimize and avoid damages. No fault can be ascribed to Fidelity. To the contrary, Title One must assume all responsibility for Fidelity's loss under the contract between Fidelity and Title One.

This Court finds as a matter of law that the fourth element of its breach of contract claim—causation—is proven by Fidelity. Accordingly, Title One is liable for the damages caused by its breach.

### B.    Common Law Indemnity

The Agency Agreement requires Title One to indemnify Fidelity. The Agency Agreement states "a) AGENT shall be liable to the COMPANY for, and hereby agrees to indemnify the COMPANY against, *any* loss, cost or expense, including attorney's fees and costs of litigation, sustained or incurred by the COMPANY and *arising from the fraud, negligence, or misconduct of AGENT*, or any agent, servant, employee of AGENT, whether or not such loss, cost or expense shall result from any Policy issued

7

by AGENT." (emphasis added)

*Title One's assertion that Fidelity is at fault fails*

It has long been held in Michigan that the party seeking indemnity "must plead and prove freedom from personal fault." *Langley v. Harris Corp.* 413 Mich. 592, 597 (1982). The party seeking indemnity must be free from active or causal negligence. *Id.* Active negligence is where "a party breaches a direct duty owed to another and this breach is the proximate cause of the other party's injury." *Id.* Passive negligence is where "the active negligence is attributable solely to another and the liability arises by operation of law." *Id.* at 598.

The only fault on the part of Fidelity that Title One points to is Shureb's failure to timely submit the Proof of Claim. The Court has already held, that cannot be imputed to Fidelity.

Title One's failure to subordinate Warren Bank's lien on the Darwish property before issuing title to DFSB constitutes negligence and/or misconduct. Title One is liable for any loss, cost, or expense arising from its failure and must indemnify Fidelity in accordance with the Agency Agreement.

## V.    CONCLUSION

Title One clearly breached its contractual obligation and is required to fully indemnify Fidelity. Any fault on part of Shureb cannot defeat Fidelity's claim.

The Court:

(1) **GRANTS** Plaintiff's Motion for Summary Judgment;

8

(2) **DENIES** Defendant's Motion for Summary Judgment.

**IT IS ORDERED.**

S/Victoria A. Roberts

Victoria A. Roberts

United States District Judge

Dated:  July 25, 2016

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 25, 2016. |
| S/Carol A. Pinegar |
| Deputy Clerk |

9